HONORABLE RICHARD A. JONES

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

PHILLIP MIGLIO,

    Plaintiff,

  v.

UNITED AIRLINES, INC., et al.,

    Defendants.

CASE NO. C13-573RAJ

ORDER

## I. INTRODUCTION

This matter comes before the court on a motion from Plaintiff Phillip Miglio to remand this action to King County Superior Court. For the reasons stated herein, the court DENIES the motion. Dkt. # 13. The clerk shall TERMINATE Dan Michaud and Laura Tolen as Defendants.

## II. BACKGROUND & ANALYSIS

The court summarizes the relevant facts as Mr. Miglio asserts them in his complaint. Mr. Miglio worked in the Seattle area as a baggage handler for Defendant United Airlines. When he attempted to return to work two weeks after an on-the-job shoulder injury in 2009, someone at United told him that there was no work available to him that would meet the "light duty" restrictions that Mr. Miglio's physician recommended. Dan Michaud, United's Seattle-based "Health and Wellness supervisor," asked Plaintiff what medications he was on and told Plaintiff that he would not be

ORDER – 1

allowed to return to work because he was taking the prescription medicine Vicodin for pain relief." Compl. ¶ 13.

Mr. Miglio had shoulder surgery in late 2010. His physician released him to return to work in August 2011. Mr. Miglio took a physical capacities exam at United's request and injured his back. By August 2012, Mr. Miglio's physician again released him to return to work. Ms. Tolen, a Seattle-based "Health and Wellness Coordinator" for United, "refused to allow Plaintiff to return to work, even after she received [Mr. Miglio]'s physician's signed release." Compl. ¶ 29. She required him to "submit to an Independent Medical Exam . . . by a physician of United Airlines' choosing in Portland, Oregon before United Airlines would allow him to return to work." Compl. ¶ 30.

United fired Mr. Miglio in September 2012. There is no allegation that Mr. Michaud or Ms. Tolen had any role in that decision.

Mr. Miglio sued United in King County Superior Court for disability discrimination in violation of the Washington Law Against Discrimination ("WLAD"), RCW Ch. 49.60. He also sued Mr. Michaud and Ms. Tolen. Or did he? He named both of them as Defendants in the caption of his complaint, and his complaint included allegations about their Washington residence and the three quoted allegations above. The complaint is otherwise silent about Mr. Michaud and Ms. Tolen. Although the complaint explicitly asserts that United violated the WLAD, it does not explicitly state that Mr. Michaud and Ms. Tolen violated any law.

United timely removed the case to this District, invoking the court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a). No one disputes that the amount in controversy exceeds the $75,000 minimum that diversity jurisdiction requires. *Id.* No one disputes that Mr. Miglio, Mr. Michaud, and Ms. Tolen are domiciled in Washington and United is not. That would normally suffice to defeat diversity jurisdiction, which requires complete diversity, *i.e.*, that every plaintiff be domiciled in a different state than every defendant. *Id.*; *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009).

ORDER – 2

United contends, however, that Mr. Miglio fraudulently joined Mr. Michaud and Ms. Tolen.  Fraudulent joinder is a "term of art" that describes the practice of naming defendants solely to defeat diversity jurisdiction.  *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).  Where a plaintiff's failure to state a claim against a resident defendant is "obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent."  *Id.*  A court must ignore fraudulently joined defendants in determining if it has diversity jurisdiction.  *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).  Joinder is fraudulent where the plaintiff's complaint is inadequate to state a claim against the resident defendant.  *McCabe*, 811 F.2d at 1339.  But, if evidence beyond the pleadings is necessary to establish fraudulent joinder, the defendant is entitled to present it.  *Id.*; *Morris*, 236 F.3d at 1067.  Just as in any case, the "strong presumption against removal jurisdiction" places the burden of proving proper removal on the defendant, and the court must resolve any ambiguity in favor of remand.  *Hunter*, 582 F.3d at 1042 (citation omitted).  A defendant must prove fraudulent joinder by clear and convincing evidence.  *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

Even relying solely on the pleadings, there is a strong argument that Mr. Miglio fraudulently joined the two resident Defendants.  The complaint lists them as Defendants without attempting to explain what law they broke.  Even if the court assumes that the complaint alleges that both individuals violated the WLAD, those allegations would likely not withstand a motion to dismiss for failure to state a claim.  In WLAD suits, "individual supervisors, along with their employers, may be held liable for their discriminatory acts."  *Brown v. Scott Paper Worldwide Co.*, 20 P.3d 921, 928 (Wash. 2001).  Whereas employers can be liable merely because their employees engaged in discrimination, whether or not the employer was at fault, individual supervisors must "*affirmatively* engage in discriminatory conduct."  *Id.* at 927 n.3 (emphasis in original).  Mr. Miglio's complaint supports a plausible inference that Mr. Michaud and Ms. Tolen

ORDER – 3

had supervisory power, at least with respect to permitting him to return to work after medical leave.  What it does not state, however, is that either Defendant made an affirmative decision to refuse to let him return to work.  The person who communicates a workplace decision is often not the person who made it.  For example, a human resources professional who merely delivers a termination letter from a supervisor is not responsible for the termination, even if it is plainly discriminatory.  The court queries whether it is plausible to conclude, based on the thin allegations of the complaint, that Mr. Michaud and Mr. Tolen were more than messengers as to the decisions they communicated to Mr. Miglio.

Mr. Miglio contends that even messengers with no role in a decision are an employer's agents, and thus liable via the WLAD.  No legal authority supports that contention.  *Brown* strongly suggests or outright concludes that an individual must affirmatively violate the WLAD, not merely deliver a decision from someone else who violated that statute.  20 P.3d at 928.  Mr. Miglio relies solely on the WLAD's definition of "employer," which includes "any person acting in the interest of an employer, directly or indirectly . . . ."  RCW 49.60.040(11).  What he ignores, however, is that the statue holds liable only an "employer" who violates the statute.  *E.g.*, RCW 49.60.180(2), (3).  It does not suggest that mere messengers are liable.

Ultimately, the court need not decide if Mr. Miglio's complaint suffices to state a WLAD claim against the individual Defendants.  Even if the complaint permits the inference that Ms. Tolen and Mr. Michaud made decisions to prevent Mr. Miglio from returning to work, the evidence that United presents does not.  Both Mr. Michaud and Ms. Tolen declare that they had no discretionary authority with regard to authorizing Mr. Miglio to return to work.  Michaud Decl. (Dkt. # 6) ¶ 3; Tolen Decl. (Dkt. # 4) ¶ 3.  Those decisions, including decisions about whether Mr. Miglio needed to complete additional physical exams, were dictated by the terms of the relevant collective bargaining agreement and United employees in Chicago.  *Id.*  Carlos Rivera, the manager

ORDER – 4

of United's Chicago-based employee service center, confirms that all decisions with respect to returning to work are made in Chicago. Rivera Decl. (Dkt. # 3) ¶¶ 4-6. Mr. Miglio does not contend that these employees' declarations are inaccurate. He does not ask for the opportunity to depose them or take other discovery that would contradict their declarations. He simply insists that even as messengers, they are liable via the WLAD. The court disagrees, for the reasons stated above.

The court concludes that United has met its burden to show by clear and convincing evidence that Mr. Miglio states no claim against Mr. Michaud and Ms. Tolen according to settled Washington law. The joinder of those two Defendants was fraudulent. *See*, *e.g.*, *McCabe*, 811 F.2d at 1339 (concluding, on an application of California law, that individual employees were fraudulently joined where they "were not alleged to have acted on their own initiative"); *Mercado v. Allstate Ins. Co.*, 340 F.3d 824, 826 (9th Cir. 2003) (concluding, on application of California law, that insurance agent was fraudulently joined where she was not individually liable "unless she act[ed] for her own personal advantage"). The court accordingly disregards them for purposes of determining diversity jurisdiction, and concludes that United properly invoked diversity jurisdiction and thus properly removed this case.

### III.  CONCLUSION

For the reasons stated above, the court DENIES Plaintiff's motion to remand. Dkt. # 13. The clerk shall TERMINATE Ms. Tolen and Mr. Michaud as Defendants.

Dated this 27th day of August, 2013.

_____

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 5